IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., : : : Plaintiff, : : v. : : FUJIFILM HOLDINGS CORPORATION, : et al., : : Defendants. : | Civil Action No. 08-373-JJF-LPS |

Ronald J. Schutz, Esquire; Becky R. Thorson, Esquire; Annie Huang, Esquire; David B. Zucco, Esquire; Busola A. Akinwale, Esquire and Seth A. Northrop, Esquire of ROBINS, KAPLAN, MILLER & CIRESI L.L.P., Minneapolis, Minnesota.
Frederick L. Cottrell, III, Esquire and Chad M. Shandler, Esquire of RICHARDS, LAYTON & FINGER, Wilmington, Delaware.

Attorneys for Plaintiff.

Steven J. Routh, Esquire and Sten A. Jensen, Esquire of ORRICK, HERRINGTON & SUTCLIFFE LLP, Washington, D.C.
Steven J. Balick, Esquire; John G. Day, Esquire and Tiffany Geyer Lydon, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Defendants.

**MEMORANDUM OPINION**

January 27, 2009
Wilmington, Delaware

*/s/ Leonard P. Stark*

**Stark, Magistrate Judge.**

Pending before the Court is a Motion To Stay (D.I. 24) filed by Fujifilm Holdings Corporation, Fujifilm Corporation, Fuji Photo Film Co., Ltd., Fuji Photo Film U.S.A., Inc., Fujifilm U.S.A., Inc., and Fujifilm America, Inc. (collectively, "Fujifilm"). For the reasons discussed, the Court will deny Fujifilm's Motion.

## I. THE PARTIES' CONTENTIONS

This is the second action filed by St. Clair Intellectual Property Consultants, Inc. ("St. Clair") against Fujifilm for patent infringement. The first action, *St. Clair v. Fuji Photo Film Co., Ltd., et al.*, Civil Action No. 03-241-JJF ("*Fujifilm I*"), was tried to a jury and resulted in a verdict in favor of St. Clair in the amount of approximately $3 million. *Fujifilm I* is currently in post-trial briefing: St Clair has filed a Rule 59(e) motion, while Fujifilm has filed no post-trial motions.

In this action, St. Clair asserts the same four Roberts patents it asserted against Fujifilm in *Fujifilm I,* and seeks damages against Fujifilm for infringement from the close of the damages period in *Fujifilm I* until the present. By its Motion To Stay, Fujifilm contends that the continued litigation of this action will prejudice Fujifilm because it will be required to litigate simultaneously this action and the appeal in *Fujifilm I*. Fujifilm points out that St. Clair has sued 53 other defendants

1

in four other actions pending in this Court, and Fujifilm is the only party who faces the substantial hardship of having to litigate two separate patent infringement actions at the same time. Fujifilm contends that, by contrast, St. Clair will suffer no prejudice if a stay is granted, because this action is in its infancy, and in any event, St. Clair can continue to litigate against the other defendants. According to Fujifilm, staying this action pending resolution of the expected appeal in *Fujifilm I* will simplify the issues for trial in this case and conserve the resources of both the parties and the Court.

In response, St. Clair contends that the balance of the equities weighs against a stay in this action, largely because Fujifilm is an adjudged infringer of St. Clair's patents. St. Clair contends that it will suffer continued prejudice if this action is stayed because Fujifilm continues to willfully infringe its patents and liability for that infringement will continue to be delayed. St. Clair also contends that a stay will frustrate the coordinated pretrial discovery contemplated in the five currently pending actions by putting Fujifilm on a different discovery track. Thus, St. Clair contends that denying the stay will promote judicial economy and efficiency in these actions. Alternatively, St. Clair contends that Fujifilm waived its right to request a stay because it did not join in a stay motion filed by another defendant in a related action, did not seek

reconsideration of Judge Farnan's ruling denying a stay in that related action, and did not raise the issue of a stay during the Court's recent Rule 16 Conference.

## III. DISCUSSION

As a threshold matter, the Court concludes that Fujifilm did not waive its right to request a stay in this action. In addition to a lack of any case law supporting St. Clair's waiver argument, the Court notes that Fujifilm initially requested a stay in this action by letter to Judge Farnan prior to the October 15, 2008 Order referring this matter to this Magistrate Judge. (D.I. 11 Ex. A) Judge Farnan did not rule on the pending request for a stay in this case. The Court cannot conclude that Fujifilm waived its right to seek a stay by failing to join in or seek reconsideration of a motion in a related case in which it is not a party. Accordingly, the Court will proceed to the merits of Fujifilm's Motion.

The power of the Court to stay proceedings is incidental to its inherent power to control the disposition of the cases on its docket. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a motion to stay, courts consider such factors as: (1) the length of the requested stay; (2) the "hardship or inequity" that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay will

3

simplify issues and promote judicial economy. *Id.* at 254-55. The decision to stay a proceeding lies within the discretion of the Court. In exercising this discretion, the Court "must weigh competing interests and maintain an even balance." *Id.* at 255. Generally, the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.*

Fujifilm contends that it need not make out a special showing of hardship as required by *Landis* because this case implicates a parallel proceeding; courts generally find that the balance weighs in favor of a stay when parallel suits presenting the same or similar issues are involved. However, the cases cited by Fujifilm typically involve simultaneous federal and state proceedings, the first-filed rule, or proceedings before the International Trade Commission (in which a federal statute mandates the stay of district court proceedings). *See, e.g., Intermedics Infusaid, Inc. v. Regents of the Univ. of Minn.*, 804 F.2d 129 (Fed. Cir. 1986) (staying federal patent case in favor of state action where judgment in state action could moot the patents in suit); *Sandisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1066 (W.D. Wis. 2008) (involving ITC investigation with firm end date for completion of commission's investigation); *Piedmont Shirt Co. v. Snap-Tab Corp.*, 236 F. Supp. 975 (S.D.N.Y.

4

1964) (staying federal action in deference to first-filed state action). These circumstances are not present here. Therefore, the Court is not convinced that the requirements of *Landis* must be relaxed in this case.

Weighing the circumstances in this case in light of the competing interests of the parties, the Court concludes that a stay of this action is not warranted. Both parties direct the Court to Judge Farnan's recent decision denying a stay in *St. Clair v. Research In Motion Ltd., et al.*, Civil Action No. 08-371-JJF-LPS, an action related to this case and consolidated with this case for the purposes of discovery and other pretrial matters. Fujifilm asserts that it suffers greater hardship than the Research In Motion Defendants in the related case because it will be litigating two patent infringement actions simultaneously. However, the Court is not persuaded that the prospect of litigating an appeal before the Federal Circuit in *Fujifilm I* while litigating this action clearly tips the balance of the equities in favor of a stay. Fujifilm is an adjudged infringer, and the prejudice to St. Clair of delaying this action, which seeks damages for infringement from the time of the last trial through the present, is not insubstantial. With the passage of time, St. Clair is likely to face evidentiary obstacles and the prospect of litigating an expired or nearly-expired patent. The outcome of any appeal of *Fujifilm I* in the

5

Federal Circuit is speculative and the time frame for adjudication of any such appeal is also uncertain. Further, infringement and damages are likely to remain significant and disputed issues between the parties regardless of the disposition of any *Fujifilm I* appeal. In addition, a stay of this action will disrupt the coordinated discovery planned for the pending cases, resulting in the likelihood of duplicative discovery and/or pretrial efforts by the parties and the Court. In sum, as in the related actions, "the Court is persuaded that the continuation of these actions at this time is necessary for the effective administration of this case and its related counterparts." *See St. Clair Intellectual Property Consultants, Inc. v. Samsung Electronics Co. Ltd.*, 2008 WL 4610250, at *1 (D. Del. Oct. 16, 2008) (granting plaintiff's motion to lift stay).

## IV. CONCLUSION

For the reasons discussed, the Court will deny Fujifilm's Motion To Stay.

An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-373-JJF-LPS |
| FUJIFILM HOLDINGS CORPORATION, et al., | : |
| Defendants. | : |

## O R D E R

At Wilmington, this 27th day of January 2009, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the Motion To Stay (D.I. 24) filed by Fujifilm Holdings Corporation, Fujifilm Corporation, Fuji Photo Film Co., Ltd., Fuji Photo Film U.S.A., Inc., Fujifilm U.S.A., Inc., and Fujifilm America, Inc. is **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE