IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : Civil Action No. 08-373-JJF-LPS <br> : |
| FUJIFILM HOLDINGS CORPORATION, et al., | : <br> : <br> : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before me is a Motion For Leave To Amend Their Answer, Affirmative Defenses, Counterclaims And Jury Demand (D.I. 52) filed by Defendants, Fujifilm Holdings Corporation, Fujifilm Corporation, Fuji Photo Film Co., Ltd., Fuji Photo Film U.S.A., Inc., Fujifilm U.S.A., Inc., and Fujifilm America, Inc. (collectively, "Fujifilm"). For the reasons discussed, the Court will grant Fujifilm's Motion.

## I. THE PARTIES CONTENTIONS

By its Motion, Fujifilm requests leave to amend its Answer, Affirmative Defenses, Counterclaim and Jury Demand (collectively, "Answer") to assert a counterclaim and affirmative defense based on inequitable conduct and an affirmative defense based on patent exhaustion and/or license. Fujifilm contends that its Motion To Amend is timely made and, with respect to the inequitable conduct counterclaim and defense, is based on, among other things, conduct arising during the course of reexamination proceedings before the United States Patent and Trademark Office ("PTO").

In response, Plaintiff, St. Clair Intellectual Property Consultants, Inc. ("St. Clair")

contends that Fujifilm waived the defense of inequitable conduct by failing to pursue that defense in the context of the prior litigation between the parties, which is currently before Judge Farnan on post-trial motions filed by St. Clair. *St. Clair v. Fujifilm*, Civ. Act. No. 03-241-JJF ("*Fujifilm I*"). In addition, St. Clair contends that Fujifilm's inequitable conduct defense is barred by the doctrine of claim preclusion.

## II. LEGAL STANDARDS

In pertinent part, Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the Court. Factors the Court should consider in exercising its discretion include "undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006). Delay alone is an insufficient reason to deny leave to amend, but there is grounds to deny amendment if the delay is coupled with either an unwarranted burden on the Court or undue prejudice to the non-moving party (as a result of the amendment). *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). A party may suffer undue prejudice if the proposed amendment causes surprise, results in additional discovery, or adds costs to the litigation in defending against the new facts or theories alleged. *See id.* "Thus, while bearing in mind the liberal pleading philosophy of the federal rules, the question of undue delay requires that we focus on the

movant's reasons for not amending sooner.... [Moreover,] [t]he issue of prejudice requires that we focus on the hardship to the [non-movant] if the amendment were permitted." *Id.* at 273 (internal citations omitted).

### III. ANALYSIS

As a threshold matter, I note that St. Clair has not raised any opposition to Fujifilm's Motion to the extent that it seeks to add an affirmative defense based on patent exhaustion and/or license. Accordingly, I will grant Fujifilm's Motion to the extent it seeks to add that defense.

With respect to the defense and counterclaim of inequitable conduct, I conclude that Fujifilm has satisfied the criteria for amendment under Rule 15(a). St. Clair contends that Fujifilm waived the defense of inequitable conduct by failing to pursue that defense in *Fujifilm I*. However, Fujifilm contends that it reserved its right to pursue inequitable conduct in the future by stating in its scheduling proposal before Judge Farnan that:

> As noted at the April 2 hearing, FUJIFILM does not intend at this time to pursue its inequitable conduct defense. However FUJIFILM reserves the right to assert such a defense if the Court's claim construction is modified and a new trial is ordered, either by this Court or the Court of Appeals for the Federal Circuit.

(D.I. 62 at Exh. 2, n.1) St. Clair contends that neither of these scenarios has occurred. In contrast, Fujifilm argues for a broader interpretation of this reservation of rights, pointing out that the instant action had not been filed at the time it made this statement. Thus, Fujifilm contends that it could not have relinquished its right to pursue this defense with respect to an action that it did not know would be filed.

Issues of waiver involve factual questions concerning the parties' intent and, therefore, in the present circumstances, I do not find this issue to be suited for disposition in the context of a Rule 15(a) Motion. *See, e.g., Gillman v. Waters, MacPherson, McNeill, P.C.*, 271 F.3d 131, 140

(3d Cir. 2001) (denying summary judgment on waiver issue, because questions of waiver typically turn on issues of intent which are fact based). Further, I am not persuaded that waiver principles necessarily apply to the new patents involved in this litigation or to inequitable conduct that is alleged to have occurred during reexamination proceedings that took place subsequent to the trial in *Fujifilm I*. In addition, I conclude that the principles of issue and/or claim preclusion are inapplicable here because inequitable conduct was not litigated in *Fujifilm I* to a final decision on the merits. *See Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008).

In sum, I conclude that Fujifilm has satisfied the criteria for leave to amend under Rule 15(a), and St. Clair has not demonstrated undue delay, undue prejudice, bad faith, or futility of the proposed amendments. Accordingly, I will grant Fujifilm's Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Motion For Leave To Amend Their Answer, Affirmative Defenses, Counterclaims And Jury Demand (D.I. 52) filed by Defendants, Fujifilm Holdings Corporation, Fujifilm Corporation, Fuji Photo Film Co., Ltd., Fuji Photo Film U.S.A., Inc., Fujifilm U.S.A., Inc., and Fujifilm America, Inc. is **GRANTED**.

2. The Clerk shall docket the proposed Amended Answer, Affirmative Defenses And Counterclaims attached as Exhibit A to the Motion, and the Amended Answer, Affirmative Defenses And Counterclaims shall be deemed filed and served as of the date of this Order.

Dated: June 10, 2009

Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE